UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LINDA M. JOYCE,

        Plaintiff,

-vs-                                              Case No. 5:06-cv-339-Oc-10GRJ

JOHN E. POTTER, POSTMASTER
GENERAL, in his official capacity, and
UNITED STATES POSTAL SERVICE,

        Defendant.
_____

## O R D E R

This case is before the Court for consideration of the Plaintiff's Motion for Preliminary Injunction (Doc. 3), to which the U.S. Postal Service has responded (Doc. 8). The Plaintiff's motion was argued in open court on October 6, 2006, and is ready for decision. The court concludes that the motion is due to be granted in part and denied in part as stated in this Order.

## Background & Facts

The Plaintiff is a U.S. Postal Service box delivery contractor, and currently holds two U.S. Postal Service contracts for the delivery of the mail. The Plaintiff is not an employee of the U.S. Postal Service. However, the Plaintiff personally performs one of the delivery contracts and employs a third party to perform the other contract.

In 1997, the Plaintiff was the subject of a U.S. Postal Service investigation concerning the alleged rifling of a package. Although she was suspended for

approximately one month during the investigation, the Plaintiff was allowed to regain access to the mail and personally perform one of her contracts until June 30, 2006. On that date, the Plaintiff received a letter from the U.S. Postal Service suspending the Plaintiff from access to the mail because she "was the subject of an Inspection Service investigation." Although it was not stated in the letter, it is undisputed that the investigation underlying the Plaintiff's current suspension is the 1997 investigation.

On July 7, 2006, the date the Plaintiff received the letter of suspension, she sent a response to the Postal Service Inspector handling her suspension, and explained that the she was cleared of any wrongdoing concerning the 1997 incident and was reinstated following her 1997 suspension. The Plaintiff alleges that she was orally informed that her appeal of her suspension would not be granted because she did not include the statement, "I hereby appeal" in her July 7 letter. Accordingly, the Plaintiff sent a letter dated July 29, 2006, again contesting her suspension, and including the declaration, "I hereby appeal."

The Inspection Service issued its official denial of the Plaintiff's appeal via a letter dated September 1, 2006. In its letter of denial, the Inspection Service stated that "it would be inconsistent with U.S. Postal Service security interests to grant you a security clearance." The denial was based upon the existence of the 1997 investigation as well as a 1997 letter from the Plaintiff's supervisor issued in conjunction with the investigation that recommended that the Plaintiff not be allowed to hold a U.S. Postal Service contract in the future. Thus, as a result of the Inspection Service's determination to revoke her security clearance, the Plaintiff has been restricted from access to non-public areas of the post

office and from access to the mail, preventing her from personally performing the delivery contracts she holds. The Plaintiff still holds two contracts, but is now required to hire someone to perform the contract that she had previously personally performed.

On September 21, 2006, the Plaintiff filed the Verified Complaint for Injunctive Relief, alleging three counts, titled "Due Process Violations" (Count I), "Liberty and Property Interest Violations" (Count II), and "De Facto Disbarment" (Count III). On the same date, the Plaintiff filed her motion for a preliminary injunction, seeking an injunction: "(1) declaring that the Inspection Service's suspension and withdrawal of Joyce's access to the mail is invalid and in violation of her due process rights; (2) rescinding the Inspection Service's June 30, 2006 and September 1, 2006 letters denying Joyce access to the mail; and (3) granting further relief to Joyce as the Court deems just and equitable."

## Discussion

A preliminary injunction should only be granted where the movant carries the burden of persuasion as to four prerequisites: (1) that the movant has a substantial likelihood of success on the merits; (2) that there is a substantial threat plaintiff will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to the plaintiff outweighs the threatened harm the injunction may cause to the defendant; and (4) that granting the preliminary injunction will not be adverse to the public interest.[1]

---

[1] See Warren Publ'g, Inc. v. Microdos Data Corp., 115 F.3d 1509, 1516 (11th Cir. 1997).

*Substantial Likelihood of Success on the Merits*

First, the Plaintiff has carried her burden to persuade the Court that she has a substantial likelihood of success on the merits of a claim for the deprivation of her <u>liberty</u> interest in her reputation without due process of law.[2] Although the Plaintiff may <u>not</u> hold a property interest in a security clearance, "a federal agency's revocation of a security clearance may give rise to a due process claim for injury to a liberty interest in reputation."[3] A plaintiff may state a claim for the deprivation of her liberty interests if she can establish that the government both altered her status and stigmatized her reputation without due process of law.[4] An alteration of status may occur by various actions, including the loss of employment, foreclosure of future employment activities, or a reduction in pay.[5] Moreover, a party's loss of private employment by a government contractor due to the revocation of a security clearance has been held to be a sufficient alteration by the government to invoke due process liberty rights.[6] Stigma occurs when "the government's conduct forecloses an employee's freedom to take advantage of other employment opportunities by either "(a)

---

[2] As stated in this Order, the Plaintiff has no property interest in her security clearance and, thus, she has no chance of success on the merits of her claimed due process violations regarding the deprivation of a purported property interest in her security clearance. Accordingly, the Court's analysis will focus on the Plaintiff's claims for deprivation of her liberty interest.

[3] <u>Ranger v Tenet</u>, 274 F. Supp. 2d 1, 7-8 (D.D.C. 2003); <u>see also</u> <u>Doe. v. Casey</u>, 796 F.2d 1508, 1522 (D.C. Cir. 1986); <u>Kartseva v. Dep't of State</u>, 37 F.3d 1524 (D.C. Cir. 1994).

[4] <u>See</u> <u>Doe v. Cheney</u>, 885 F.2d 898, 909 (D.C. Cir. 1989).

[5] <u>See</u> <u>Casey</u>, 796 F.2d at 1523; <u>Ranger</u>, 274 F. Supp. 2d at 8-9.

[6] <u>See</u> <u>Kartseva</u>, 37 F.3d at 1527-28.

automatically excluding him from a definite range of employment opportunities with the government or (b) broadly precluding him from continuing his chosen career."[7]

Here, it is undisputed that the revocation of the Plaintiff's security clearance has prevented her from personally performing at least one of the postal delivery contracts she holds with the U.S. Postal Service.  As a result, the Plaintiff has been required to employ someone - at her own expense - to complete performance of the delivery contract.  Further, although it is not clear from the record, the Plaintiff has alleged and the Court is persuaded at this point in the litigation that the revocation of the Plaintiff's security clearance will prevent her from holding any future delivery contracts.  In addition, the action of the U.S. Postal Service has ended the Plaintiff's 14-year career as a mail carrier and, as such, has both automatically excluded the Plaintiff from a definite range of employment opportunities with the government and has precluded her from pursuing her chosen career.

Finally, the evidence currently before the Court suggests that the U.S. Postal Service suspended the Plaintiff and revoked her security clearance without notice.  Although the U.S. Postal Service allowed the Plaintiff to appeal, it appears that the appeal consisted solely of a second unilateral review of the Plaintiff's file, followed by a letter of denial. Further, the Plaintiff was not informed of any evidence against her until she received the denial of her appeal.[8]   Thus, the Court finds that the Plaintiff did not have a meaningful

---

[7] M.K. v. Tenet, 99 F. Supp. 2d 12, 27 (D.D.C. 2000).

[8] Indeed, the Plaintiff's counsel represented without contradiction that the Plaintiff received
(continued...)

opportunity to contest the basis of the U.S. Postal Service's decision to revoke her security clearance.

*Irreparable Injury*

Second, the Plaintiff has carried her burden to persuade the Court that there is a substantial threat that she will suffer irreparable injury if an injunction is not granted. The Plaintiff has proffered undisputed allegations that her reputation and good will is being irreparably damaged by the revocation of her security clearance and the resulting suspension of her ability to perform her contracts.[9] Moreover, the Plaintiff, through her affidavit, has presented evidence that U.S. Postal Service officials are giving customers on her route incorrect information regarding her suspension and are making statements damaging to her reputation.

*Threatened Injury to the Plaintiff Outweighs Any Harm to the U.S. Postal Service*

Third, because the Court is issuing this preliminary injunction for the sole purpose of holding a name-clearing hearing, the Plaintiff has carried her burden to persuade the Court that the threatened injury to the plaintiff outweighs the threatened harm the injunction may cause to the Defendant. In a case such as this, where a plaintiff is seeking relief for the deprivation of a liberty interest in reputation without due process of law due to the

---

[8](...continued)
much of the evidence against her for the first time on the eve of the hearing on before the Court.

[9] See United Healthcare Ins. Co. v. AdvancePCS, 316 F.3d 737, 741 (8th Cir. 2002) ("Loss of intangible assets such as reputation and goodwill can constitute irreparable injury.").

revocation of a security clearance, the typical remedy is the provision of a "name-clearing" hearing. Such a hearing is what the Court deems appropriate here. Thus, the Court finds that under the circumstances of this case, the continuing damage to the Plaintiff's reputation outweighs the cost to the Defendant of affording the Plaintiff the process she is due.

*The Public Interest*

Fourth, the Plaintiff has carried her burden to persuade the Court that granting the preliminary injunction will not be adverse to the public interest. The Court is only directing that the Plaintiff have the opportunity to clear her name. Such relief is in no way adverse to the public interest. The Court emphasizes that it is not holding that the Plaintiff may have access to the mails and is not encroaching on the U.S. Postal Service's ability to determine to whom it will issue security clearances.

**Conclusion**

Accordingly, it is hereby ORDERED and ADJUDGED as follows:

(1) The Plaintiff's Motion for Preliminary Injunction (Doc. 3) is GRANTED to the extent provided in paragraphs (2), (3),(4) and (5) and is otherwise DENIED;

(2) That the Defendant is hereby ENJOINED and DIRECTED, within ten days of the entry of this order, to rescind its letter dated September 1, 2006, denying plaintiff Linda Joyce's appeal of the suspension letter dated June 30, 2006;

(3) That the Defendant is hereby further ENJOINED and DIRECTED, within thirty (30) days of the entry of this order, to reconvene a meeting of its Security Review

Committee ("SRC") upon written notice to plaintiff, transmitted not less than seven days before the meeting, and to permit plaintiff both to appear at the meeting (with counsel if she so chooses) and to present argument directed to the merits of plaintiff's appeal. The SRC shall consider the appeal de novo and, within seven days after its meeting, shall render its decision in writing, setting forth a brief explanation of the reasons for its decision.  If plaintiff or her counsel or both wish to participate in the SRC proceeding by telephone, then they may do so by providing the necessary contact numbers to counsel for defendant, Mr. Zimmerman, reasonably in advance of the proceeding.

(4) No later than 45 days after entry of this order, the parties SHALL FILE a joint, written notice of the status of plaintiff's administrative appeal and this civil litigation.

(5) Except as set forth above, the Court makes no order with respect to plaintiff Linda Joyce's security clearance, if any, or her access or lack of access to the mails during the renewed pendency of her administrative appeal.

(6) The Plaintiff is not required to post a bond pursuant to Federal Rule of Civil Procedure 65(c) in regard to the entry of this preliminary injunction.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 16th day of October 2006 at 5:00 p.m. Eastern Daylight Time.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record