UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LINDA M. JOYCE,

          Plaintiff,

-vs-                                               Case No.  5:06-cv-339-Oc-10GRJ

JOHN E. POTTER, POSTMASTER
GENERAL, in his official capacity, and
UNITED STATES POSTAL SERVICE,

          Defendant.
_____

## O R D E R

This case is before the Court for consideration of the U.S. Postal Service's Contested Motion to Dismiss as Moot (Doc. 16), to which the Plaintiff has responded (Doc. 17). The Court concludes that the motion is due to be granted and this case is due to be dismissed as moot.

## Background

As stated in previous orders of the Court, this case arises out of a decision by the U.S. Postal Service to suspend the security clearance of the Plaintiff, a Postal Service contractor, thus preventing her from personally performing certain contracts she held with the Postal Service. On October 16, 2006, following a hearing, the Court entered an Order granting in part and denying in part the Plaintiff's motion for preliminary injunction, directing the U.S. Postal Service to rescind its letter denying the Plaintiff's appeal of the suspension

of her security clearance and directing the U.S. Postal Service to provide the Plaintiff with the opportunity to conduct a name clearing hearing within 30 days of the date of the Order.

On October 30, 2006, the U.S. Postal Inspection Service sent to the Plaintiff correspondence in which the Inspection Service stated that:

> Based on the totality of the circumstances surrounding the denial, the Agency has determined that your security clearance will be and hereby is granted.
>
> Further, it is determined that the 1997 incident regarding an opened package at your case does not and will not provide cause for the U.S. Postal Service (USPS) to deny you a security clearance in the future or grounds to deny you a Highway Contract Route (HCR).  Of course, all other applicable rules and regulations regarding the procurement, awarding, and administration of HCRs remain in effect.
>
> ***
>
> It appears that this moots the need for a "name-clearing" hearing as ordered by the District Court.  However, if you still feel the need to present evidence, testimony or other information to the Security Clearance Committee, please notify USPS counsel Jeffrey Sheldon . . . at your earliest convenience so that appropriate arrangements can be made.

Exhibit 3 to the U.S. Postal Service's Motion.

On November 15, 2006, the U.S. Postal Service filed an uncontested motion to extend the deadlines set forth in the preliminary injunction, in which motion the Postal Service recited that it rescinded the revocation of the Plaintiff's security clearance, restored her security clearance, returned her to work under her contract, and assured her that the matter of the rifled blue box and the investigation arising therefrom will not now or hereafter be a barrier to Plaintiff's holding a security clearance.  The U.S. Postal Service noted in its motion that the Plaintiff had not yet chosen to conduct a name clearing hearing.

Now, the U.S. Postal Service has requested that the Court dismiss the Plaintiff's Complaint as moot because, as stated in its previous motion, the Postal Service has restored the Plaintiff's security clearance, allowed her to return to work, and assured her "that the matter of the rifled blue box and the investigation arising therefrom will not now or hereafter be a barrier to plaintiff's holding a security clearance."  Moreover, it is undisputed that the Plaintiff voluntarily has chosen not to move forward with the name clearing hearing made available by the U.S. Postal Service.

The Plaintiff, however, opposes the motion to dismiss, and asserts that absent a judicially enforceable consent decree, the Plaintiff is in danger of the U.S. Postal Service again arbitrarily revoking her security clearance due to the alleged 1997 incident concerning the rifled blue box.  The Plaintiff seeks a consent decree stating that:"The matter of the rifled blue box and the investigation arising therefrom will not now or hereafter be a barrier to plaintiff's holding a security clearance."  Plaintiff's Opposition at 2.

## Motion to Dismiss Standard

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold requirement imposed by Article III of the Constitution by alleging an actual case or controversy."  City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983).  Further, "[t]he inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy."

DeFunis v. Odergaard, 416 U.S. 312, 316, 94 S. Ct. 1704, 40 L. Ed. 2d 164 (1974).  In order to satisfy the case or controversy requirement, a plaintiff must establish that she "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (quoting Golden v. Zwickler, 394 U.S. 103, 109-10, 89 S. Ct. 956, 22 L. Ed. 2d 113 (1969)).  A case may be considered moot by the voluntary cessation of a defendant's allegedly wrongful conduct, "if the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated." United States v. W.T. Grant Co., 345 U.S. 629, 633, 73 S. Ct. 894, 97 L. Ed. 1303 (1953). If a case fails to present a case or controversy, a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is a proper avenue to dispose of the case.

### Discussion

The U.S. Postal Service moves to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(1) on the grounds that the Court lacks subject matter jurisdiction because this action no longer presents a case or controversy under Article III.  As stated by the Court in its October 16, 2006 Order: "In a case such as this, where a plaintiff is seeking relief from the deprivation of a liberty interest in reputation without due process of law due to the revocation of a security clearance, the typical remedy is the provision of a 'name-clearing' hearing."  The U.S. Postal Service has not only provided the Plaintiff with an opportunity

for such a hearing, it has reinstated her security clearance and assured her that the matter of the rifled blue box and the investigation arising therefrom will not now or hereafter be a barrier to the Plaintiff holding a security clearance.  As such, the Plaintiff cannot establish that she "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." DeFunis, 416 U.S. at 316.  Moreover, the United States Attorney and the United States Postal Inspection Service has provided sufficient assurances to both the Court and the Plaintiff to convince the Court that there is no reasonable expectation that the alleged wrong in this case - the deprivation of the Plaintiff's liberty interest in reputation without due process of law due to the revocation of her security clearance - will be repeated.

## Conclusion

Upon due consideration and for the forgoing reasons, it is ordered that:

(1) the U.S. Postal Service's Contested Motion to Dismiss as Moot (Doc. 16) is GRANTED, and this case is dismissed as moot; and

(2) the Clerk is directed to enter judgment accordingly and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 18th day of December, 2006.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record